(Decided 13th June, 1871.)

---

DAVISSON ARMSTRONG *vs.* DOUGLAS PERCY, and others.

*Caveat — Grounds for refusing a Patent — Parol Evidence.*

A special warrant of survey to affect certain vacant land in Allegany county was executed, and a certificate in due form, signed by the surveyor of the county, was returned to the Land Office; the composition money and other expenses were paid, and the certificate was examined by the commissioner and passed. To this certificate a *caveat* was filed; pending which, another certificate signed by the surveyor of the county for the same tract, purporting to be made under the same warrant, was returned. To this a *caveat* was filed by the same parties. It was shown that the first survey was not made by the surveyor of the county or by his authorized deputy, that the chain carriers were not sworn, and that one of them was a minor. HELD:

1st. That these irregularities furnished sufficient ground for refusing a patent for the land, and parol evidence was admissible for the purpose of proving them.

2d. That the first survey not having been made by a person duly authorized, and therefore invalid, was not rendered valid and legal by the signature of the County Surveyor to the certificate.

Armstrong *vs.* Percy, *et al.*

3d. That the return of the second certificate of survey, after the warrant had been executed, was irregular.

4th. That the *caveats* should be sustained.

After a patent has been granted, parol evidence is not admissible to contradict the certificate of survey, or to impeach its validity. But while the matter is in *fieri*, such testimony is properly admissible.

APPEAL from the Commissioner of the Land Office.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ROBINSON, J.

*A. Beall McKaig* and *Thomas J. McKaig,* for the appellant.

*George A. Thruston,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

On the 9th day of December, 1868, the appellant obtained from the Land Office a special warrant of survey, to affect and include a certain parcel of vacant land in Allegany county, designated as " Cairo."

This warrant was executed and a certificate in due form, dated the 14th day of December, 1868, signed by Wm. M. Owens, surveyor of Allegany county, was returned to the Land Office, the composition money was paid and the certificate was examined by the Commissioner and passed.

On the 24th day of May, 1869, a *caveat* to this certificate was filed by the appellees, pending which, another certificate, signed by Wm. Armstrong, surveyor of Allegany county, for the same tract, purporting to be made under the same warrant, was returned to the Land Office on the 8th day of December, 1869. To this a *caveat* was filed by the appellees on the 25th day of March, 1870.

The Commissioner, after taking testimony and hearing arguments of counsel, ruled in favor of the *caveators,* sustaining

Armstrong *vs.* Percy, *et al.*

both *caveats*, and from his decision this appeal is taken. The objections to the first certificate are, that the survey was not made by Wm. M. Owens, or by any authorized deputy of his, and that the rules of the Land Office were, in other respects, not complied with. The testimony in the case, if admissible, abundantly establishes these facts. It is proved that the survey was in fact made by Wm. Armstrong, who was not qualified as a deputy surveyor, nor legally authorized to act. It further appears that the chain-carriers were not sworn as required by law, and that one of them, Davisson Armstrong, was a minor. These violations of the rules of the Land Office are sufficient grounds for refusing the patent. *L. Assist.*, 289, 325, 491 ; *Cunningham vs. Browning*, 1 *Bland*, 317 ; *Chisolm vs. Perry*, 4 *Md.*, *Ch. Dec.*, 31.

There is no doubt of the admissibility of the parol evidence, for the purpose of proving these irregularities. After a patent has been granted, such evidence would not be admissible to contradict the certificate or impeach its validity. The authorities cited by the appellant go only to this extent. But while the matter is in *fieri*, there can be no valid objection to admitting the testimony. The question of the regularity of executing the warrant, is open for examination under the *caveat ;* but such examination would be futile if testimony, such as is here offered, were excluded. The admission of parol evidence in such cases is sanctioned by the practice of the Land Office, as well as by adjudged cases. *Hammond vs. Ridgely*, 5 *H. & J.*, 263 ; *Hammond vs. Norris*, 2 *H. & J.*, 141 ; *Cunningham vs. Browning*, 1 *Bland*, 316.

It appears by the proof, that after the survey had been made by Armstrong, the certificate was in fact signed by Wm. M. Owens, the county surveyor, and it is contended by the appellant that this was a ratification by the proper officer of the act of Armstrong as his agent, which renders the proceeding valid. On this point, as on the others, we concur in the opinion expressed by the Commissioner. The doctrine of principal and agent has no application to the performance of

official duties by public officers.  The law requires that the
survey shall be made by the county surveyor, or by his dep-
uty duly authorized.   If done by an unauthorized person,
the surveyor cannot make it valid and legal by merely sign-
ing the certificate.   For these reasons, we think the *caveat* to
the certificate of the 14th of December, 1868, was properly
sustained,

After the warrant had been executed, and the certificate,
with the warrant, had been returned to the Land Office, the
composition money and other expenses paid, and the warrant
so executed had been acted on and passed, it was manifestly
irregular to return a second certificate of a survey purporting
to have been made by another officer under the same warrant.
The party might have abandoned the first certificate, or had
the same vacated and annulled, and an order issued by the
Commissioner for a new survey under the warrant.   But
pending the controversy upon the *caveat*, and while the war-
rant remained in the Land Office executed, and the party was
maintaining the validity of the first certificate, there could
not be another execution of the same warrant.   No precedent
for such a proceeding has been cited, and in our judgment the
Commissioner decided correctly in sustaining the second *caveat*.

*Order Affirmed.*

(Decided 13th June, 1871.)